UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

RICKEY A. GRIGSBY, SR.          CIVIL ACTION 05-1837

VERSUS                          U.S. DISTRICT JUDGE DEE D. DRELL

UNITED PARCEL SERVICE, INC.     U.S. MAGISTRATE JUDGE JAMES D. KIRK

REPORT AND RECOMMENDATION

This is an employment discrimination suit based on race. Defendant, United Parcel Service, Inc. (UPS) filed a motion for summary judgment [**Doc. # 26**] which plaintiff opposes. The case has been referred to me by the District Judge for Report and Recommendation.

Plaintiff is an African-American male who was hired by defendant in April of 1981 and worked continuously until his termination in October, 2004. Plaintiff's job was that of on-road supervisor and hewas responsible for supervising package delivery drivers. Plaintiff was terminated following an investigation concerning his conduct on September 2, 2004. On that day, one of the regular drivers became ill and plaintiff instructed a fill-in driver, Lee Lewellyan, to deliver the packages on the affected route. Plaintiff rode along with the driver to assist with directions, although neither knew the route. Toward the end of the day, when it became obvious that all of the packages would

not be delivered, plaintiff instructed the driver, his subordinate, to falsify the log to reflect that the undelivered packages were "not in" as opposed to "missed". "Not in" means that there is no one home to receive the package. "Missed" means that the driver failed to deliver it as scheduled and, unlike a "not in" package, reflects badly on the driver and his supervisor.

 Lewellyan reported the incident to his union steward in accordance with UPS policy. The matter was investigated by the security supervisor, Kevin Massey. Plaintiff, when interviewed by Massey, denied telling the driver to falsify the log. Plaintiff also provided Massey with a written statement in which he again denied Lewellyan's allegations. When interviewed by Bob Pritt, Security Manager, however, plaintiff told the truth and then admitted that he had instructed the driver to incorrectly record the deliveries as "missed".

 Pritt relayed the information he had gathered to the Human Resources Manager, Gwen Lusk, who spoke with the Regional Human Resources Manager, Diane Taite-Howard, and the District Manger, Curtis Pace. All agreed that plaintiff should be terminated for his actions. Thereafter, plaintiff sought review by way of the UPS Peer Review Process. The Peer Review team recommended that plaintiff be allowed to keep his job but that he be punished with regard to salary and bonus. UPS declined to adopt the

recommendation of the committee. Plaintiff's Division Manager, Ed Johnson, agreed with the termination decision and plaintiff was terminated on October 25, 2004.

Plaintiff filed an EEOC complaint based on race on February 14, 2005 and received a right to sue letter on February 2, 2006. Suit was timely filed on October 19, 2006 under 42 U.S.C. §2000e, *et seq*. as well as under 42 U.S.C. §1981, and Louisiana discrimination statutes.

In his complaint, Grigsby claims that he "was subjected to more serious discipline than whites who were similarly situated." Plaintiff also argues that he was denied promotions in 2002 and 2004. Plaintiff also asks the court to assume pendent jurisdiction over his claim that UPS was required to follow the Peer Review recommendation.

Defendant asserts that even assuming that plaintiff has made out a prima facia case, plaintiff was terminated because he falsified records in violation of UPS policy. Defendant also asserts that any claims regarding promotions in 2002 and 2004 are prescribed and were never presented to the EEOC.

### The Law of Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure mandates that a summary judgment:

> "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions

> on file, together with the affidavits, [submitted concerning the motion for summary judgment], if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Paragraph (e) of Rule 56 also provides the following:

> "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."

Local Rule 56.2W also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted for purposes of a motion for summary judgment unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried.  Since plaintiff has not attempted to controvert any of the specific facts stated in the defendant's statement of

4

undisputed facts, those facts will be deemed admitted for purposes of this motion.

A party seeking summary judgment always bears the initial burden of informing the court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 106 S.Ct. 2548 at 2552; International Ass'n. of Machinists & Aerospace Workers, Lodge No. 2504 v. Intercontinental Mfg. Co., Inc., 812 F.2d 219, 222 (5th Cir. 1987). However, movant need not negate the elements of the nonmovant's case. Litttle v. Liquid Air Corporation, 37 F.3d 1069, (5th Cir. 1994). Once this burden has been met, the non-moving party must come forward with "specific facts showing that there is a genuine issue for trial." Izen v. Catalina 382 F.3d 566 (5th Cir. 2004); Fed. R. Civ. P. 56(e). All evidence must be considered, but the court does not make credibility determinations. If the movant fails to meet its initial burden, summary judgment should be denied. Little, 37 F.3d at 1075.

However, the non-movant, to avoid summary judgment as to an issue on which it would bear the burden of proof at trial, may not rest on the allegations of its pleadings but must come forward with proper summary judgment evidence sufficient to

5

sustain a verdict in its favor on that issue. Austin v. Will-Burt Company, 361 F. 3d 862, (5th Cir. 2004). This burden is not satisfied with "some metaphysical doubt as to the material facts," by "conclusory allegations," by "unsubstantiated assertions," or by only a "scintilla" of evidence. Little, id.

In cases like the instant one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." Celotex at 2553.

In an employment discrimination case, the focus is on whether a genuine issue of material fact exists as to whether the defendant intentionally discriminated against the plaintiff. LaPierre v. Benson Nissan, Inc., 86 F.3d 444, 447 (5th Cir. 1996). Further, "it is incumbent upon the non-moving party to present evidence–not just conjecture and speculation– that the defendant...discriminated against the plaintiff on the basis of his race." Grimes v. Texas Dept. of Mental Health, 102 F.3d 137 (5th Cir. 1996).

### Applicable Law

Claims of employment discrimination brought under 42 U.S.C. 1981, 1983, or 2000d are analyzed under the same evidentiary standard as claims brought under Title VII of the Civil Rights Act of 1964, as amended at 42 U.S.C. 2000e et seq. See Lawrence

v. Uni of Tex. Med. Br. at Galveston, 163 F.3d 309, 311 (5th Cir. 1999). The same is true for the Louisiana discrimination statutes.

    Title VII prohibits an employer from discriminating against an employee with respect to "compensation, terms, conditions or privileges of employment" because of race. 42 U.S.C. 2000e-2 (a)(1). Where there is no direct evidence of discrimination, the court applies the burden shifting test established by McDonnell Douglas v. Green, 411 U. S. 792 (1973). Under this test, if plaintiff establishes a prima facie case of discrimination, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for the adverse action. If defendant satisfies the burden, the burden shifts back to plaintiff who must prove that "the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination. Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 143 (2000). Plaintiff can establish pretext either directly, by showing that a discriminatory reason motivated defendant, or indirectly, by showing that the reasons given for defendant's actions are simply not believable. Texas Dep't. of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981). In either respect, " the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." Reeves, supra.

In order to make out a prima facie case, plaintiff must prove 1) membership in a protected class, 2) that he was qualified for the position, 3) that the defendant made an adverse employment decision despite the plaintiff's qualifications, and 4) that the plaintiff was replaced with a person not a member of the protected class. Portis v. First National Bank, 34 F.3d 325, (5th Cir. 1994); McDonnell Douglas, supra..

In order to survive summary judgment, there must be a conflict in substantial evidence which creates a jury question. Rhodes v. Guiberson Oil Tools, 75 F.3d 989 (5th Cir. 1996). A jury issue will be presented only if the evidence taken as a whole (1) creates a fact issue as to whether each of the employer's stated reasons was what actually motivated the employer and (2) creates a reasonable inference that race was a determinative factor in the actions of which plaintiff complains. The employer will be entitled to summary judgment if the evidence taken as a whole would not allow a jury to infer that the actual reason for the discharge was discriminatory. Id.

## Analysis

Defendant admits that plaintiff is a member of a protected class and that plaintiff was qualified for but terminated from his employment and does not contest that plaintiff was replaced with a white employee. However, defendant asserts that plaintiff was terminated for cause and cannot show the reasons were

8

pretextual.

The defendant's burden to prove a legitimate, non-discriminatory reason for terminating plaintiff is a burden of production, not of persuasion. Plemer v. Parsons-Gilbane, 713 F.2d 1127, 1135 (5th Cir. 1983).

Grigsby's actions were in clear violation of UPS policies as shown by the UPS Code of Conduct. Those policies emphasize honesty and integrity. Similarly, the UPS Policy Book, which managers such as plaintiff receive, emphasizes honesty and integrity as well. Defendant has submitted plaintiff's deposition testimony where plaintiff admits that he instructed the driver to falsify the records and did not tell Massey the truth initially and admits that that violated UPS policy. Defendant also provides the affidavit of Gwen Lusk which shows that plaintiff was terminated because of his violation of company policy and not because of race. Lusk's affidavit also shows that all of the persons who made the employment decision are African-American, like plaintiff.

Plaintiff claims that these reasons were mere pretext and that he was treated differently that other white employees who had not been terminated for similar infractions. However, the affidavit of Bob Pritt shows that two white employees, one in Shreveport and one in Gulfport, were terminated for acts similar to that of plaintiff. That testimony is supported by Gwen Lusk's

9

affidavit.

Plaintiff suggests that Steve McClain, Terry Blackmon and Mike Howell, all of whom are white, were not terminated for similar conduct. No legal evidence has been submitted by plaintiff with regard to McClain and plaintiff's information regarding him is hearsay and inadmissable. Further, neither Lusk nor Pritt were aware of a situation involving McClain.

Plaintiff claims that Terry Blackmon suffered an on the job injury and failed to report it; however, the evidence before the court does not support that allegation.

Finally, plaintiff claims that Mike Howell mis-recorded a delivery and was not terminated. However, in that case there was a disagreement as to the correct way in which the package should have been recorded. In this case, plaintiff has admitted that he not only violated company policy, but also that he was dishonest about it to his superiors.

Because these three individuals were not similarly situated to plaintiff, there is no inference of discrimination. Bryant v. Compass Group USA, Inc., 413 F.3d 471, 478 (5th Cir. 2005). In addition, plaintiff has not put forth other evidence to show that the employer's reasons were a pretext for race discrimination. The evidence shows that plaintiff has worked for UPS for 23 years and had received promotions and no discipline and positive performance reviews. Other African-American supervisors still

work for the company. Plaintiff does not explain why he believes that after 23 years he was suddenly singled out for discrimination by four other African-Americans.

Defendant has articulated legitimate, nondiscriminatory reasons for terminating plaintiff's employment and plaintiff has failed to rebut those reasons.

Plaintiff has failed to produce any evidence-direct or circumstantial- that his employer's articulated reasons for his termination were a pretext for racial discrimination. The opinions, legal conclusions, hearsay, and non-specific self-serving testimony offered in the affidavits of plaintiff and of Elton Taylor do not create a genuine issue of material fact as to the existence of race discrimination. LaPierre and Grimes, supra. Plaintiff has failed to offer sufficient evidence of pretext to create a genuine issue of material fact by showing that the defendant's reason is not true (or is only one reason for the adverse employment decision, the other being race. See Rachid v. Jack in the Box, Inc., 376 F.3d 305 (5th Cir. 2004)). In other words, a rational finder of fact could not find that the employer in this case discriminated against the plaintiff on the basis of race. Pratt v. City of Houston, Texas, 247 F.3d 601 (5th Cir. 2001), citing St. Mary's Honor Ctr. v. Hicks, 113 S. Ct. 2742 (1993).

In order to survive summary judgment, there must be a

conflict in substantial evidence which creates a jury question. <u>Rhodes v. Guiberson Oil Tools</u>, 75 F.3d 989 (5th Cir. 1996). Here plaintiff has not shown that race was a motivating factor in his termination.

Plaintiff also complains of the denial of promotions in 2002 and in 2004. However, those claims were not presented to the EEOC according to the record before the court and, in any event would be prescribed.

Finally, plaintiff asks this court to exercise pendent jurisdiction over his claim that UPS failed to abide by the Peer Review recommendation that he be disciplined, but not fired. The UPS Employee Dispute Resolution Program brochure expressly states that the Peer Review process is non-binding See p. 8 of the brochure (Exh. G-8). Therefore, I need not address whether an employer has a legal obligation to an employee, in the absence of a contract, to follow its own policies where no discrimination is shown.

For the foregoing reasons, IT IS RECOMMENDED that defendant's motion for summary judgment [Doc. #26] be GRANTED and plaintiff's claims be dismissed with prejudice.

### **OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific,

written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 7th day of June, 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE